GOULD ROOFING CO. v. GILLDEA et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

DISCOVERY—INSPECTION OF BOOKS.

    In an action for an accounting, by the purchaser of one partner's third interest in a firm, an order permitting him to inspect the firm books should not be limited to the time subsequent to a certain date, because of a statement in the answering affidavits, on the motion for the order of discovery, that said original partner assigned to another all the profits due him up to that time; this being a matter of defense, to be decided on the trial.

Appeal from special term.

Action by the Gould Roofing Company against William Gilldea and others. From so much of an order of inspection and discovery as refused permission to examine books and papers of defendants prior to November 28, 1892, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John J. Lenehan, for appellant.

James Flynn, for respondents.

O'BRIEN, J. The defendants, with one Gould, were engaged in business under the style of the Elmira Roofing Company from September 4, 1891, to October 23, 1894. The single question presented upon this appeal is as to whether the limitation of time during which an inspection was allowed was proper, or, differently expressed, whether, in addition to the permission granted plaintiff to make an examination for a period subsequent to November 28, 1892, the order should not include the year and three months prior to that date. The defendants, in their offer to allow an inspection, fixed no such limitation as was made by the order, but insisted that

the books should not be removed from Elmira, where they were needed, and that the examination should be had at that place.    It will therefore be noticed that the question before the special term was the place of examination, and not the scope.    The plaintiff, having purchased the interest of Gould in the Elmira Roofing Company, had the same rights as Gould himself, which concededly entitled the latter to one-third· of the profits of the business; and, for the purpose of ascertaining what such profits were, an inspection of the books and papers.    The limitation upon the scope of the examination was undoubtedly the result of a statement in the answering affidavits that upon the 28th of June, 1892, Gould had assigned "all moneys that may be due and owing to me under said contract at the end of this present quarter."    It is not claimed that this assignment was known to plaintiff at the time of the purchase from Gould and defendants, nor do defendants allege any acceptance, ratification, or payment by them under it.    To hold that such an assignment was valid would be, in effect, to determine on this point adversely to plaintiff, in advance of the trial.    It will be noted that, at best, it is but a defense to a portion of the plaintiff's claim, which, like the other defenses, will be disposed of upon the trial; and its suggestion upon the motion is no more reason for limiting the scope of the examination than would be the denial of a right of discovery because other defenses, going to the whole cause of action, were pleaded, which, if maintained upon the trial, would defeat the plaintiff's right to any relief.    The plaintiff's claim, therefore, being for the interest of Gould, which, as a partner or employé, it is conceded, was a one-third interest in the profits from the commencement of the business, the plaintiff would be entitled to have such interest ascertained for the entire period, unless, in the first instance, upon the trial, the assignment referred to should be successfully established as a bar to any relief prior to November 28, 1892.    We cannot, however, anticipate the order or method of the trial, and the validity and extent of this assignment may not fully appear until the defendants are permitted to introduce their evidence to establish their defenses; among others, that relating to this assignment. It is therefore as important for the plaintiff to be in a position to establish its entire cause of action as any part thereof, and it should not be prevented from obtaining the evidence for that purpose, or having before the court the facts which, if the validity of the assignment is successfully assailed, will entitle the plaintiff to the full relief demanded.    It being conceded by the defendants and by the learned judge at special term that a discovery was proper, we do not think that sufficient reason appears for limiting it, and therefore the scope of the order should be extended so as to include the entire period.

So much of the order appealed from as refuses plaintiff permission to examine the books and papers of the defendant prior to November 28, 1892, is reversed, and the motion granted, so as to permit the examination of such books and papers for the year and three months preceding that date.    Order modified accordingly, with $10 costs and disbursements to the appellant.    All concur.